UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Randi Torres,<br><br>    Plaintiff,<br>v.<br><br>Paypal Credit f/k/a Bill Me Later, Inc.,<br><br>    Defendant. | Civil Action No.: _____<br><br>COMPLAINT |

For this Complaint, Plaintiff, Randi Torres, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Randi Torres ("Plaintiff"), is an adult individual residing in Ofallon, Missouri, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Paypal Credit f/k/a Bill Me Later, Inc. ("PayPal"), is a Maryland business entity with an address of 351 West Camden Street, Baltimore, MD 21201, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, PayPal began placing calls to Plaintiff's cellular telephone, number 636-xxx-2623, using an automatic telephone dialing system ("ATDS" or "predictive

dialer") and/or using an artificial or prerecorded voice.

6. When Plaintiff answered calls from PayPal, he heard either music or silence before he was connected to a live representative.

7. In or around January 2017, Plaintiff spoke with a live representative and requested that all calls to him cease.

8. Nevertheless, PayPal continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone system(s) have some earmarks of a predictive dialer.

13. When Plaintiff answered calls from PayPal, he heard silence or music before Defendant's telephone system would connect her to the next available representative.

14. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 18, 2017

                Respectfully submitted,

                By: __/s/ Sergei Lemberg_____

                Sergei Lemberg, Esq.
                LEMBERG LAW, L.L.C.
                43 Danbury Road, 3rd Floor
                Wilton, CT 06897
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                Attorneys for Plaintiff